REVISED February 28, 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2011

Lyle W. Cayce
Clerk

No. 09-10960
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AYNUR ASYA AYDEMIR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-228-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Aynur Asya Aydemir appeals her conviction for one count of conspiring to commit access device fraud and nine underlying counts of access device fraud. The charges arose from a scheme of trafficking in fraudulently obtained computers and other electronic merchandise.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Aydemir contends that the district court abused its discretion by admitting testimony about prior occasions when she knowingly bought and resold stolen or fraudulently obtained goods. Evidence of Aydemir's nearly identical prior acts was admitted for a limited and proper purpose: to establish whether Aydemir knew that the goods were obtained by illegal means, a disputed issue at trial. Although there was no other evidence presented regarding Aydemir's intent beyond Aydemir's own testimony, we cannot say that the district court abused its discretion in concluding that the probative value was not outweighed by the risk of undue prejudice. FED. R. EVID. 404(b); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Aydemir also asserts that the Government improperly cross-examined her at trial about information she provided in a proffer during plea negotiations. Her assertion is unsupported by factual analysis or any reference to evidence, including the alleged proffer or plea discussions. Aydemir thus fails to show that she was questioned about a "statement made in the course of plea discussions with an attorney for the prosecuting authority." FED. R. EVID. 410(4); see United States v. Fernandez, 559 F.3d 303, 318 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.